**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite
101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Barbara Moore

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BARBARA MOORE,**<br><br>Plaintiff,<br><br>v.<br><br>**ALLIED PROCESSING SOLUTIONS, LLC,**<br><br>Defendant. | **Case No.:** '17CV1040 DMS BGS<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>I.   **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.;**<br><br>II.   **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>III.   **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. BARBARA MOORE ("Plaintiff") brings this Complaint for damages and any other available legal or equitable remedies, resulting from the illegal actions of ALLIED PROCESSING SOLUTIONS, LLC ("Defendant"), in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") in order to collect a debt from an unknown third party, thereby invading

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

Plaintiff's privacy.

4.   The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5.   In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6.   Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

7.   As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

8.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

9.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

10. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

11. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

### JURISDICTION AND VENUE

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 47 U.S.C. § 227(b); 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

14. This action arises out of Defendant's violations of (i) the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); (ii) the Rosenthal Fair

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1  Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA")

2  ("RFDCPA").

3  15.  Because Defendant conducts business within the State of California, personal

4  jurisdiction is established.

5  16.  Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i)

6  Plaintiff resides in the County of San Diego, State of California which is within

7  this judicial district; (ii) the conduct complained of herein occurred within this

8  judicial district; and, (iii) Defendant conducted business within this judicial

9  district at all times relevant, including filing collection action in the San Diego

10  Superior Court against Plaintiff.

11  **PARTIES**

12  17.  Plaintiff is a natural person who resides in the County of San Diego, State of

13  California, from whom Defendant sought to collect a consumer debt which was

14  due and owing or alleged to be due and owing from Plaintiff.  In addition,

15  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); a

16  "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h); and, a "person"

17  as defined by the TCPA.

18  18.  Defendant is a Limited Liability Company duly organized and existing under

19  the laws of the State of Texas.

20  19.  Plaintiff is informed and believes, and thereon alleges, that Defendant, in the

21  ordinary course of business, regularly, on behalf of themselves or others,

22  engage in "debt collection" as that term is defined by California Civil Code §

23  1788.2(b), and is therefore a "debt collector" as that term is defined by

24  California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

25  20.  Defendant is also a "person" as defined by the TCPA.

26  ///

27  ///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

21. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

## FACTUAL ALLEGATIONS

22. At all times relevant, Plaintiff is an individual residing within the State of California.

23. Sometime prior to April 2017, an unknown third party named Virginia Moore ("Virginia") allegedly incurred financial obligations to an original creditor.

24. These alleged financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by California Civil Code §1788.2(d); and, 15 U.S.C. 1692a(5), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, Virginia allegedly fell behind in the payments allegedly owed on the alleged debt.

26. Subsequently, Virginia's debt was assigned, placed, or otherwise transferred, to Defendant for collection.

27. At no time did Plaintiff ever enter into a business relationship with Defendant.

28. Beginning in April 2017, Plaintiff began receiving telephonic communications from Defendant on Plaintiff's cellular telephone in an attempt to collect Virginia's debt from Plaintiff.

29. On multiple occasions, Plaintiff informed Defendant that Plaintiff did not know Virginia; was not responsible for Virginia's debt; refused to pay Virginia's debt; and, did not want to receive any more telephone calls from Defendant.

30. Despite knowledge that Plaintiff wished the calls at issue herein to cease, Defendant continued to place telephonic communications to Plaintiff's cellular telephone.

31. Through this conduct, Defendant violated 15 U.S.C. § 1692b(3) by communicating with Plaintiff on more than one occasion.   This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant violated 15 U.S.C. § 1692c(c) by continuing collecting attempts directly to Plaintiff following Plaintiff's refusal to pay.   This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of The alleged debt.   This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

34. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of The alleged debt.   This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect The alleged debt.   This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

36. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect The alleged debt.   This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

37. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

38. Through this conduct, Defendant violated Cal. Civ. Code § 1788.11(d) by causing Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

39. Through this conduct, Defendant violated Cal. Civ. Code § 1788.11(e) by communicating by telephone with Plaintiff with such frequency as to be unreasonable and to constitute harassment.

40. On April 5, 2017, Defendant placed a collection call to Plaintiff's cellular telephone at 12:46 a.m.

41. Through this conduct, Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff at an unusual time.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

42. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety.  Despite this knowledge, Defendant continued to pursue Plaintiff for an invalid debt causing Plaintiff to suffer.

43. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, preparing and mailing affidavits letters, filing police reports, attorneys' fees, mental and emotional pain and anguish.

44. As a result of Defendant's actions, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

///

///

45. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to the artificial or prerecorded message to Plaintiff as prohibited by 47 U.S.C. § 227(b)(1)(A).

46. On information and belief, said equipment is a predictive dialer.

47. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

48. These telephone communications constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

49. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

50. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1). Plaintiff has never been in an "established business relationship" with Defendant as defined by 47 U.S.C. 227(a)(2), nor has Plaintiff ever sought Defendant's services at any point in the past.

51. Defendant lacked "prior express consent" to contact Plaintiff on Plaintiff's cellular telephone as described herein.

52. To date, Plaintiff has received approximately ten autodialed telephone calls on Plaintiff's cellular telephone from Defendant.

53. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

55. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

56. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

**COUNT II**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)**

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

59. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

**COUNT III**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

62. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

**COUNT IV**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

66. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

67. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and,

- Any and all other relief the Court deems just and proper.

///
///
///
///
///
///
///
///

### TRIAL BY JURY

68.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated:  May 21, 2017                                Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ____/s/ Matthew M. Loker____
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626